UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, acting on, Behalf of the DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT<br><br>       Petitioner,<br>vs.<br><br>ERIC FELDER, et al.,<br><br>       Respondents. | )<br>)<br>)<br>)<br>)<br>) Case No. 4:23-mc-00727 SEP<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

This matter is before the Court on its own motion. On August 30, 2021, the United States Department of Housing and Urban Development filed a Charge of Discrimination against Respondents alleging that Respondents refused to rent to Lawrence Chrum and his two children in violation of the Fair Housing Act, 42 U.S.C. § 3601 et seq. On December 9, 2022, an ALJ issued an Initial Decision and Order finding that Respondents had violated the Act, and directing them to pay, jointly and severally, damages of total of $10,200. On September 19, 2023, the U.S. Attorney's Office issued a subpoena to Respondent Eric Felder, seeking certain financial information necessary to take collection actions regarding the damages and fines due under the Order. *See* Doc. [7-1]. Petitioner has attached the signed receipt showing that Respondent Felder received the subpoena. *See* Doc. [7-2]. The subpoena required compliance by no later than October 13, 2023. *See* Doc. [7-1].

Respondent failed to produce the information and documents requested in the subpoena and indicated his intent to refuse to cooperate regarding payment. On October 16, 2023, Petitioner filed a Motion for Order to Show Cause, asking the Court to require Respondent to file a response explaining why he should not be found in contempt for failure to produce the subpoenaed documents and information. Doc. [6]. On December 5, 2023, the Court ordered Respondent Eric Felder to show cause why he should not be found in contempt of Court for failure to comply with the subpoena issued on September 19, 2023. Doc. [8]. On December 15, 2023, Eric Felder entered a response, Doc. [9], in which he discussed his pro se status; denied having any authority or responsibility for matters concerning his brother's estate, the Felder Peter King Estate of Ward Protectee (a co-Respondent in this matter); and noted that his brother is

disabled. He provided no explanation or legal basis for his failure to respond to the lawfully issued subpoena.

Petitioner replied to Felder's response, Doc. [10], noting that his pro se status is no impediment to his ability to comply, as the subpoena seeks only certain financial information and documents, all of which should be readily available to Felder, and legal knowledge or training is not a prerequisite to being able to produce his financial documents. Petitioner also notes that Felder's authority or lack thereof over his brother's estate is not relevant, as the U.S. Attorney's Office directed the subpoena to Felder in his individual capacity, and the subpoena was not served on Felder's brother or in Felder's capacity as trustee for his brother's estate. Petitioner further indicates that Felder still has not complied with the subpoena, and requests that this Court hold Felder in contempt pursuant to Fed. R. Civ. P. 45(g). *See* Fed. R. Civ. P. 45(g) ("The court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.").

A judicial subpoena "command[s] each person to whom it is directed to . . . produce designated documents . . . in that person's possession, custody, or control." Fed. R. Civ. P. 45(a)(1)(A)(iii). "A person who has been served but fails to comply with the subpoena or an order related to the subpoena 'without adequate excuse' may be held in contempt." *Id*. (citing Fed. R. Civ. P. 45(g)); *Acosta v. La Piedad Corp*., 894 F.3d 947, 951 (8th Cir. 2018) ("The subpoena is a judicial process, punishable by the judicial remedy of contempt.").

Respondent must appear at a hearing before the undersigned at **10:00 a.m., on Monday**, **April 15, 2024,** to explain why he should not be found in contempt of Court for failure to comply with the subpoena issued on September 19, 2023. If Respondent Eric Felder produces the subpoenaed materials to the Government's satisfaction by no later than **Thursday, April 11, 2024**, Petitioner shall notify the Court of such satisfactory production, and the Court will cancel the hearing.

Accordingly,

**IT IS HEREBY ORDERED** that Respondent Eric Felder must appear at a hearing in the courtroom of the undersigned, 16 North, at **10:00 a.m. on Monday, April 15, 2024**, at which he must be prepared to show cause why this Court should not hold him in contempt for failure to produce the subpoenaed information and documents.

**IT IS HEREBY FURTHER ORDERED** that if Respondent Eric Felder fails to appear on Monday, April 15, 2024, he may be **subject to seizure by the U.S. Marshals**, who will detain him and transport him to this Court.

**IT IS HEREBY FURTHER ORDERED** that if Respondent Eric Felder fails to appear on Monday, April 15, 2024, **he will be held in contempt** of Court for refusing to comply with a lawfully issued subpoena, and a **fine of $100.00** per day shall accrue for each day thereafter that he fails to comply with the subpoena at issue in this matter.

**IT IS FINALLY ORDERED** that if Respondent Eric Felder produces to Petitioner the subpoenaed information and documents, to the satisfaction of Petitioner, by **Thursday, April 11, 2024**, the Court will vacate the contempt hearing.

Dated this 15th day of February, 2024.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE