UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, acting on behalf of the DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,<br><br>        Petitioner,<br>vs.<br><br>ERIC FELDER, et al.,<br><br>        Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 4:23-mc-00727 SEP<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

Before the Court is the United States Department of Housing and Urban Development's Motion for Order to Show Cause, Doc. [25]. For the reasons set forth below, the motion is granted.

On August 30, 2021, the United States Department of Housing and Urban Development filed a Charge of Discrimination against Respondents on behalf of Lawrence Chrum and his two minor children alleging that Respondents refused to rent to Chrum because of his familial status in violation of the Fair Housing Act, 42 U.S.C. § 3601 et seq. On December 9, 2022, ALJ Alexander Fernández-Pons issued an Initial Decision and Order finding that Respondents had violated the Act, and directing them to pay, jointly and severally, damages to Chrum and his two aggrieved minor children a total of $10,200, consisting of $7,200 in out-of-pocket expenses and $3,000 for emotional distress. Additionally, the Order directed the Felder Peter King Estate of Ward Protectee to pay a civil penalty of $5,000 and Eric Felder to pay a civil penalty of $500. Respondents appealed to the Secretary of HUD, who affirmed the Order, and Respondents did not seek further review.

Pursuant to 42 U.S.C. § 3612(j), the HUD filed with the Eighth Circuit Court of Appeals an application for enforcement of the Secretary's final Order, which was granted. *See Secretary of the United States Department of Housing and Urban Development v. Felder Peter King Estate of Ward Protectee, et al.*, 8th Cir. Case No. 23-1812. On July 6, 2023, the United States registered the judgment with the United States District Court for the Eastern District of Missouri.

On May 14, 2024, after attempts to informally resolve the issue of collection of damages and fines failed, the U.S. Attorney's Office issued subpoenas to Respondents Daniel Felder and

Andrea Williams, in their capacities as Guardians and Conservators of the Estate, seeking financial information necessary to take collection actions regarding the damages and fines due under the Order. *See* Docs. [25] at 3; [26-1], [26-2]. Petitioner has attached the receipts showing that Respondents Felder received the subpoenas. *See* Docs. [26-3], [26-4]. The subpoenas required compliance by no later than May 28, 2024, at 8:00 a.m. *See* Doc. [25] at 3. At approximately 8:00 a.m. on May 28th, Daniel Felder contacted the Government seeking an extension of time to respond to the subpoenas. *Id*. The Government granted an extension until June 3, 2024, yet neither Daniel Felder nor Andrea Williams responded to the subpoenas by that date. *Id*.

The Federal Debt Collection Procedures Act (the FDCPA) "provides the exclusive civil procedures for the United States to recover a judgment on a debt." 28 U.S.C.§ 3001(a)(1). Pursuant to Subchapter A of the FDCPA, the "United States may have discovery regarding the financial condition of the debtor in the matter in which discovery is authorized by the Federal Rules of Civil Procedure in an action on a claim for a debt." 28 U.S.C. § 3015(a). Further, federal rules permit a "judgment creditor or a successor in interest whose interest appears of record [to] obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). A civil litigant may issue subpoenas pursuant to Fed. R. Civ. P. 45. The rules require that the subpoena state the court from which it issued; state the title of the action and its civil-action number; and command each person to whom it is directed to produce documents in that person's possession, custody, or control. Fed. R. Civ. P. 45(a)(1)(A)(i)-(iii). "The court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). Petitioner has attached a copy of the subpoena issued to Respondent, Doc. [7-1], and upon review, the Court finds that it complies with Federal Rule of Civil Procedure 45.

A judicial subpoena "command[s] each person to whom it is directed to . . . produce designated documents . . . in that person's possession, custody, or control." Fed. R. Civ. P. 45(a)(1)(A)(iii). When a party served with a subpoena fails to comply, an order to show cause is an appropriate next step. *See BJ's Fleet Wash. LLC v. City of Omaha*, 2023 WL 143947, at *2 (D. Neb. Jan. 10, 2023). "A person who has been served but fails to comply with the subpoena or an order related to the subpoena 'without adequate excuse' may be held in contempt." *Id*. (citing Fed. R. Civ. P. 45(g)); *Acosta v. La Piedad Corp.*, 894 F.3d 947, 951 (8th Cir. 2018)

("The subpoena is a judicial process, punishable by the judicial remedy of contempt."). The Court finds it proper to issue a show cause order to Respondents Daniel Felder and Andrea Williams ordering each of them to explain why they should not be found in contempt of Court for failure to comply with the subpoenas issued on May 14, 2024.

Accordingly,

**IT IS HEREBY ORDERED** that, pursuant to Federal Rule of Civil Procedure 45(g) and the inherent authority of this Court, the United States Department of Housing and Urban Development's Motion for Order to Show Cause, Doc. [25], is **GRANTED**.

**IT IS FURTHER ORDERED** that Respondents Daniel Felder and Andrea Williams, in their capacities as Guardians and Conservators of the Estate, shall show cause **within 14 days of the date of this Order** why they should not be held in contempt of Court for refusing to comply with a lawfully issued subpoena.

**IT IS FINALLY ORDERED** that the Clerk of Court is directed to provide **by certified mail** copies of this Order to:

> Daniel Felder
> 407 S. Sixth Street, Apt. 5
> St. Charles, MO 63301

> and

> Andrea Williams
> 10 Austin Terrace Court
> St. Charles, MO 63303

Dated this 18th day of June, 2024.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE